UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT PAUL BOURGEOIS | CIVIL ACTION |
| VERSUS | NO. 21-2127 |
| STATE OF LOUISIANA | SECTION "B" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Robert Paul Bourgeois filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1), which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   BACKGROUND

Bourgeois is a pretrial detainee housed in the Lafourche Parish Correctional Complex ("LPCC") in Thibodaux, Louisiana. ECF No. 1, at ¶ III(A), at 3. He filed this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983 and above the caption added "Writ of Mandamus." Plaintiff names the State of Louisiana "as overseer of state operations at the 17th Judicial District Court of Louisiana" as the defendant. ECF No. 1, ¶III(B), at 4.

### A.   **Factual Allegations in the Complaint (ECF Nos. 1)**

Bourgeois alleges that he filed three motions in the 17th Judicial District Court for the Parish of Lafourche requesting a preliminary hearing, which hearing was granted by Judge Boudreaux of that court. Bourgeois claims that Louisiana law required the state court to bring him to a hearing 14 days after the motion was granted. ECF No. 1, at ¶IV, at 5. He claims that the

court instead set a hearing for December 21, 2021, which was the date of his scheduled pretrial conference.

Bourgeois further alleges that he filed a motion for bond obligation relief which has not been answered by the state court. He alleges that he also filed a motion for speedy trial which was denied in violation of his constitutional rights on the improper basis that his counsel had not certified that he was ready for trial. Bourgeois also asserts that his request for discovery and access to legal materials was denied by the state court. *Id*. at 6. He claims that, at the time of filing, he had not seen his attorney for 90 days. He states that the state courts know that indigent defender lawyers do not go to see their clients. He also claims that Judge Boudreaux has acted with gross negligence and reckless disregard for failing to follow state and constitutional laws requiring due process.

As relief, Bourgeois seeks mandamus relief to remove his bond and release him "to fight [his charges] from the streets." ECF No. 1, at ¶V, at 7. He seeks $250,000 from the state courts for negligence and gross negligence for not allowing him to defend his criminal case in accordance with his constitutional rights.

    **B.**    <u>**Attachments to Complaint (ECF Nos. 1-1, 1-2)**</u>

Attached to his complaint, Bourgeois provides copies of the *pro se* pretrial motions and the related state court orders denying, or in one case granting, relief on each motion. This includes the following motions referenced in the Complaint:

(1) motion objecting to the delayed preliminary hearing date; denied November 4, 2021, ECF No. 1-2, at 2-3;
(2) motion objecting to the denial of his motion for speedy trial; denied November 4, 2021, *id*. at 5-7;
(3) motion for relief of bond obligation; denied as repetitive on November 4, 2021, *id*. at 8-10;

2

(4)     motion to receive discovery packet; denied October 19, 2021, directing him to pursue discovery through his counsel, ECF No. 1-2, at 2-3;
(5)     motion for speedy trial; denied October 14, 2021, because counsel has not certified readiness for trial, *id*. at 5-7; and
(6)     motion for preliminary hearing with an October 14, 2021, order scheduling a hearing on December 21, 2021, *id*. at 10-13.

## II.    LEGAL STANDARDS

### A.    Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A claim is frivolous if it "lacks an arguable basis in law or fact."[2] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4] A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6] The Rule 12(b)(6) analysis is generally confined to a

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F. 3d 578, 579-80 (5th Cir. 1998).
[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[5] *Id*.
[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

review of the complaint and its proper attachments.[7] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9] Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. PROC. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and §1915(e).[12] "When a complaint raises an arguable question of law which the district court

---

[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).
[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).
[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664; *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[11] *Moore*, 976 F. 2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[12] *Id.*

ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

### B. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law

---

[13] *Id.*
[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[16] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).
[17] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).
[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

### III. ANALYSIS

#### A. The State of Louisiana and Eleventh Amendment Immunity

Although naming the State of Louisiana as a defendant as "overseer of state operations," Bourgeois does not explain how the State of Louisiana was involved in the state trial court's denial of his motions in his criminal case. ECF No. 1, ¶III(B), at 4. Regardless, the State and its agencies enjoy Eleventh Amendment immunity from suit for monetary damages.[20]

Under the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent."[21] "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'"[22] The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La. Rev. Stat. Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not

---

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).
[20] *Pennhurst State School v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F .2d 183, 185–86 (5th Cir. 1986).
[21] *Rodriguez v. Tex. Commn. on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000) (addressing U.S. CONST. amend. XI).
[22] *Med. RX/Sys., P.L.L.C. v. Tex. Dep't of St. Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 71, (1989)).

explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.[23]

While a State may expressly waive this Eleventh Amendment sovereign immunity, Louisiana has by statute declined to do so.[24] This court therefore lacks jurisdiction over Bourgeois's complaint against the State of Louisiana, the only named defendant in this proceeding.

### 1. Any Claims Against the 17th Judicial District Court are Frivolous

To the extent Bourgeois intended to sue the 17th Judicial District Court itself, it has long been recognized that "state courts are not considered 'persons' within the meaning of § 1983."[25] The 17th Judicial District Court also is not an entity with juridical capacity, *i.e.* a suable entity, under Louisiana law and is not a proper defendant under Fed. R. Civ. Proc. 17(b)(2).[26] Even if the court could be sued, claims against the court, as a division or agency of the State, would barred by the Eleventh Amendment for the reasons addressed above.[27] Accordingly, leave to amend to add this defendant would be futile.

---

[23] *Cozzo v. Tangipahoa Par. Council-President Govt.*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); *Champagne v. Jefferson Par. Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999); *McGuire v. Lafourche Par. Work-Release Facility*, No. 09-6755, 2009 WL 4891914, at *3-4 (E.D. La. Dec. 4, 2009).

[24] *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dept. of Highways*, 780 F.2d 268, 1271-73 (5th Cir. 1986).

[25] *Moity v. La. St. Bar Assoc.*, 414 F. Supp. 180, 182 (E.D. La.), *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *Dunn v. Louisiana*, No. 10-4519, 2011 WL 446651, at *3 (E.D. La. Jan. 20, 2011), *report and recommendation adopted*, 2011 WL 445684, at *1 (E.D. La. Feb. 3, 2011); *Thompson v. St. Bernard Par. Ct.*, No. 09-4465, 2010 WL 110797, at *3 (E.D. La. Jan. 11, 2010); *Stewart v. Crim. Dist. Ct. of Louisiana*, No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); *Knight v. Guste*, No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007).

[26] *See Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) ("[A] Louisiana state court does not qualify as a juridical person and thus lacks the capacity to be sued."); *Durden v. Bryson*, No. 17-214, 2017 WL 4855437, at *2 (W.D. La. Sep. 26, 2017), *report and recommendation adopted by* 2017 WL 4847783, at *1 (W.D. La. Oct. 25, 2017); *Chisom v. Edwards*, No. 86-4075, 2012 WL 13005340, at *7-9 (E.D. La. Aug. 6, 2012); *Swift v. Juvenile Court*, No. 2009-1182, 2010 WL 786031 (La. App. 3d Cir. Mar. 10, 2010) (finding "that the law does not grant a juvenile court the procedural capacity to sue or be sued.").

[27] *See, e.g., Dunn*, 2011 WL 446651, at *3; *Wilkerson v. 17th Jud. Dist. Ct.*, No. 08-1196, 2009 WL 249737, at *3-4 (E.D. La. Jan. 30, 2009); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524, at *3 (E.D. La. Jun. 21, 2007); *see also Jefferson v. La. St. Sup. Ct.*, No. 01-31275, 2002 WL 1973897 (5th Cir. Aug. 9, 2002) ("The Eleventh Amendment clearly bars Jefferson's § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government.") (citing *Southern Christian Leadership Conference v. Sup. Ct. of State of La.*, 252 F.3d 781, 783 n.2 (5th Cir. 2001)).

### 2. Any Claims Against State Judge Boudreaux are Frivolous

To the extent Plaintiff intended to name Judge Boudreaux, the state court judge presiding over his criminal case, as a defendant, his claims fair no better. Judicial officers enjoy absolute judicial immunity for acts performed within their jurisdictional authority.[28] In addition, the Federal Courts Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."[29] Thus, injunctive relief not based on violation of a declaratory decree is unavailable against a judge in his or her role as a judicial officer, whether individually or in an official capacity.[30]

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction."[31] "Disagreeing with a judge's actions does not justify depriving that judge of his or her immunity."[32] Instead, absolute judicial immunity is overcome in only two narrow circumstances that do not apply here.[33] First, a judge is not immune

---

[28] *See Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996).
[29] 42 U.S.C. § 1983.
[30] *LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir.2005) (recognizing that the FCIA of 1996 precludes injunctive relief for suits against a judicial officer acting in a judicial capacity); *Guerin v. Higgins*, 8 F. App'x 31, 32 (2d Cir. Apr. 11, 2001) (unpublished); *Nollet v. Justices of the Trial Ct. of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); accord *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limited relief available from a judge to declaratory relief); *cf. LaBranche v. Becnel*, 559 F. App'x 290 (5th Cir. 2014) (recognizing that even when judicial immunity does not bar claims for injunctive relief, relief can be granted because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties) (citing *Moye v. Clerk, DeKalb County Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)).
[31] *Mays*, 97 F.3d at 111; *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant.") (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991)).
[32] *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 363 (1978)).
[33] *Mireles*, 502 U.S. at 11-12.

from liability for non-judicial actions, i.e. actions outside of the judge's judicial role.[34]  Second a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.[35]

To determine whether a judge's actions are "judicial in nature," a court considers:

(1)   whether the precise act complained of is a normal judicial function;
(2)   whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;
(3)   whether the controversy centered around a case pending before the court; and
(4)   whether the acts arose directly out of a visit to the judge in an official capacity.[36]

In sum, "[a] judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'"[37]

Bourgeois does not complain of any actions taken by Judge Boudreaux that were non-judicial in nature or taken in clear absence of all jurisdiction.  He instead merely disagrees with the judicial officer's orders and actions taken in direct connection with his criminal case.  A judge's decision regarding when and how to hold their proceedings are inextricably intertwined with official functions and duties as presiding judicial officers.  Accordingly, leave to add Judge Boudreaux is likewise futile.

### B.     Reference to Mandamus on the Complaint

Bourgeois added a handwritten notation "Writ of Mandamus" at the top of the first page of his complaint.  ECF No. 1, at 1.  However, to the extent he is requesting mandamus relief, it is unavailable in this § 1983 action.

---

[34] *Id.*
[35] *Id.*
[36] *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)).
[37] *Boyd*, 31 F.3d at 285 (quoting *Mireles*, 502 U.S. at 12).

The federal mandamus statute, 28 U.S.C. § 1361, applies only to officers, employees, and agencies of the federal government. The statute, therefore, clearly does not allow a federal court to grant a writ of mandamus directed to state or parish officials.[38] Mandamus relief against the State of Louisiana defendant would not be appropriate in this context.

In addition, through his "mandamus" request, Bourgeois seeks his relief from his bond requirement and release from pretrial incarceration. This relief is in the nature of a request for habeas corpus relief, not mandamus. However, a habeas request is not properly asserted or sought in this civil rights action, because Bourgeois has not "name[d] as the Defendant/Respondent herein the individual who has custody of him, he [has made] made no showing of having exhausted available state-court remedies, and his release from custody is not an available remedy under § 1983."[39] Bourgeois would have to present any habeas claims he may have in the proper habeas corpus proceeding, not this § 1983 complaint or disguised as a request for mandamus relief.

C.    **State Law Tort Claims**

Bourgeois also alleges that the State, through Judge Bourgeois, has acted negligently in the handling of his criminal proceedings and setting of court dates. He seeks monetary relief related to that negligence and gross negligence. However, claims based on negligent and tortious acts are not sufficient to state a § 1983 claim.[40] To the extent Bourgeois intended to assert these tort claims

---

[38] *See, e.g., Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); *Shirley v. Starkey*, No. 10cv364, 2010 WL 3781806, at *1 (E.D. Tex. Aug. 25, 2010) ("The federal district courts do not have jurisdiction to issue the writ against a state or county actor or agency."), *report and recommendation adopted by* 2010 WL 3781799 (E.D. Tex. Sept. 20, 2010), *aff'd*, 427 F. App'x 305 (5th Cir. 2011).

[39] *See Smith v. Lafourche Par.*, No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 30, 2021) (discussing when habeas relief can be granted), *report and recommendation adopted by* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); accord *Lerille v. Lafourche Par.*, No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 30, 2021), *report and recommendation adopted by* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021).

[40] *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property."); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

under state law, they involve purely state law questions that are best and ordinarily left to the state courts to decide.

After dismissal of the claims over which the Court would have original jurisdiction, the Court has the discretion either to decline or exercise supplemental jurisdiction over the state law claims.[41] Considering the provisions of § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity,[42] the Court should decline to exercise jurisdiction over any state law tort or negligence claims and dismiss them without prejudice.

## IV.  CONCLUSION

For these reasons set forth in Section III(A), the court is without jurisdiction to hear Bourgeois' claims for monetary relief against the State of Louisiana, its courts, or Judge Boudreaux.[43] Accordingly, Bourgeois' claim against the State of Louisiana, and any intended claim against the 17th Judicial District Court or Judge Boudreaux, should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted because the court lacks jurisdiction and because his claims seek relief against an immune defendant. Likewise, for the reasons set forth in Section III(B), Bourgeois' "mandamus relief request" cannot be granted under § 1983 and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A. And, for the reasons stated in Section III(C), Bourgeois' § 1983 claims should be dismissed. As no possible basis for federal subject matter jurisdiction is otherwise reflected from the face of this complaint and considering the provisions of § 1367(c) and balancing the

---

[41] 28 U.S.C. § 1367(c)(3).
[42] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heggemeier v. Caldwell Cty., Tex.*, 826 F.3d 861, 872-73 (5th Cir. 2016); *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).
[43] *See Warnock v. Pecos County, Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).

relevant factors, the Court should decline to exercise jurisdiction over any state law tort or negligence claims and dismiss them without prejudice.

## V. RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Robert Paul Bourgeois' § 1983 complaint against defendant, the State of Louisiana, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant.

It is further **RECOMMENDED** that Bourgeois' state law tort and negligence claims be **DISMISSED WITHOUT PREJUDICE** because the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[44]

New Orleans, Louisiana, this 26th day of April, 2022.

DONNA PHILIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[44] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (referencing the previously applicable ten-day period for the filing of objections). Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the objection period to fourteen days.